UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **LOUDOUN COUNTY** ) | |
| **SCHOOL BOARD** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.:  1:24-cv-1058 |
| ) | |
| **D.V. and S.V.,** ) | |
| **As Parent and Next Friend of A.V.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO PROCEED
UNDER A PSEUDONYM, SEAL DOCUMENT, AND AMEND COMPLAINT**

Defendants D.V. and S.V. ("Parents"), as parent and next friend of A.V. ("Student"), by and through undersigned counsel, and with the consent of the Plaintiff, have filed in this matter a Consent Motion to Proceed Under a Pseudonym, Seal Document, and Amend Complaint.  In support of the motion, the Defendants state the following.

1.	On June 17, 2024, the Plaintiff filed a Complaint under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. (the "IDEA"), Virginia Code § 22.1-213, et seq., and the corresponding federal and state implementing regulations to review the decision of a Special Education Hearing Officer appointed pursuant to the IDEA.  ECF Doc. 1.

2.	This case involves the educational rights of a minor who is a student with a disability.  The facts and circumstances in this case involve confidential educational records and personally identifiable information ("PII") directly relating to a minor's education, including his status as a "child with a disability" under the IDEA, which are protected from disclosure by the

Family Educational Rights and Privacy Act, 20 U.S.C. § l 232g(b)(l) ("FERPA"), the IDEA, 20 U.S.C. §§ 1412(a)(8) & 1417(c), and Va. Code § 22.1-287.02.

3. Federal Rule of Civil Procedure 5.2(a) recognizes the sensitive nature of a minor child's personal information. This provision states that unless a court orders otherwise, a filing that contains ". . . the name of an individual known to be a minor ... may include only . . . the minor's initials."

4. While the name of the student is identified in the Plaintiff's original Complaint by the initials A.V., the Parents are concerned that disclosure of the Parent's full names and the minor child's school of attendance could result in public disclosure of the student's identity and personal information relating to the student, such as the nature and extent of his disabilities.

5. The FERPA regulations identify "[t]he name of the student's parent" and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community . . . to identify the student with reasonable certainty" as Personally Identifiable Information that is protected from disclosure to the public. 34 C.F.R. § 99.3 (definition of "Personally Identifiable Information").

6. Because the disclosure of the Parents' names could undermine the privacy protections of federal and state law, Defendants ask the Court for the added privacy of proceeding pseudonymously for both the Student and the Parents. *Nelson v. Green*, 2007 WL 984127 *2 (W.D. Va. 2007) (granting the use of pseudonyms for child and her parents).

7. Allowing the parent to proceed anonymously is in the Student's best interest because his privacy, guaranteed by FERPA, IDEA, and Virginia law, will be protected. Courts and administrative law judges have employed pseudonyms for students with a disability in

recognition of the need to protect their privacy and the confidentiality of educational, medical, and psychological records.

8. The ultimate test for determining whether a party should proceed anonymously is whether the party's privacy right is outweighed by the presumption of openness in judicial proceedings embedded in the Constitution. *Doe v. Pittsylvania Cty., Va.*, 844 F.Supp.2d 724, 727 (W.D. Va. 2012). No public interest will be served by allowing access to Student's protected information in this case. The public's right to open judicial hearings is not compromised by allowing Defendants to proceed anonymously because ". . . the public is not denied its right to attend the proceedings or inspect the orders or opinions of the court on the underlying constitutional issue." *Id.* at 728.

9. In reviewing a district court's denial of a request to proceed under a pseudonym, the 4th Circuit Court of Appeals identified the following factors to be considered:

> As is ordinarily the case where discretion is committed to trial courts, some guidelines for its exercise in the form of factors that should be considered by courts considering anonymity requests have been judicially recognized. . . [a]mong them are the following that have relevance to this case: whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993) (remanding for district judge to reconsider his denial of Plaintiff's request to proceed under pseudonyms).

10. Proceeding anonymously is not for the Defendants to avoid annoyance or criticism attendant to litigation, but to preserve Student's privacy in a sensitive and highly personal matter, namely, his status as a student with a disability under IDEA, and his medical and psychological information. *See Nelson*, 2007 WL 984127 *2.

11. There is little risk of retaliatory physical or mental harm to the requesting party, the Parents, if their names or the identity of the Student's school is disclosed in this situation. However, Parents seek to avoid possible discrimination or stigmatization against the Student through the disclosure of information that could lead to the identity of the Student. *Id*.

12. The Student is a minor. There is ". . . a strong public policy favoring the special protection of minors and their privacy where sensitive and possibly stigmatizing matters are concerned. This strong public policy applies forcefully to students classified as handicapped because of a learning disability or some other disability that affects their educational progress." *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1375 (8th Cir. 1990); *Doe v. N.C. Cent. Univ.,* No. 1:98cv01095, 1999 WL 1939248 *4 (M.D. N.C. Apr. 15, 1999) (unreported decision) ("Courts are often more willing to allow parties to proceed anonymously in order to protect the privacy rights of children.").

13. Plaintiff is a government entity. Courts are more likely to permit plaintiffs' use of pseudonyms when challenging the government rather than an individual. *Pittsylvania Cty., Va.*, 844 F.Supp.2d at 731 (*citing Yacovelli v. Moeser,* 2004 WL 1144183 *8 (M.D. N.C. May 20, 2004) (allowing pseudonyms for college students)).

14. Allowing the Defendants to proceed anonymously poses no risk of unfairness to the opposing party because the Defendants are well-known to the Plaintiff. *Nelson*, 2007 WL 984127 *2. In addition, there is no risk the use of pseudonyms would improperly influence the fact-finder in this proceeding. First, a jury trial has not been requested so there is no concern that pseudonyms would convey an inappropriate message to the jurors. *James*, 6 F.3d at 240-41. Second, the Defendants' credibility plays a minor role in this litigation as they will not be testifying in these proceedings. *Pittsylvania Cty., Va.*, 844 F.Supp.2d at 731. Reviews of IDEA administrative decisions are typically resolved on the administrative record.

15. The requested relief cannot reasonably be protected in another manner because disclosure of Parents' names, as well as the name of the Student's school, could lead to the identification of Student and the release of his protected, confidential information.

16. The relief sought is in the manner least restrictive of the public's interest. Defendants do not seek to seal the case in its entirety. The motion only seeks to protect disclosure of personal information to ensure the Student's privacy and well-being.

17. The relief sought is not intended by either party to change any timelines or deadlines applicable in this proceeding.

WHEREFORE, Defendants pray that this Court grant the Motion to Proceed Under a Pseudonym in this matter, seal the Plaintiff's Original Complaint (ECF Doc. 1), and grant leave for Plaintiff to file an Amended Complaint using pseudonyms for the Student and the Parents and deleting any reference to the student's school of attendance.

Dated:  July 30, 2024

Respectfully submitted,

__/s/ Melissa K. Waugh____
Melissa K. Waugh, Esq.
Virginia State Bar No. 81069
Belkowitz Law, PLLC
10427 North Street, Suite 200
Fairfax, Virginia 22030
(703) 246-9270  Office
(434) 660-4707  Direct
mwaugh@belkowitzlaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and an electronic copy of this filing was provided to the following counsel for the Plaintiff via the CM/ECF system:

Matthew D. Green (VSB No. 46913)
Anne Mickey (VSB No. 88116)
SANDS ANDERSON, P.C.
919 East Main Street, Suite 2300 (Zip:  23219)
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone:  (804) 648-1636
Facsimile:  (804) 783-7291
mgreen@sandsanderson.com
amickey@sandsanderson.com
*Counsel for Loudoun County School Board*

.

    */s/ Melissa K. Waugh*
Melissa K. Waugh, Esq.
Virginia State Bar No. 81069
Belkowitz Law, PLLC
10427 North Street, Suite 200
Fairfax, Virginia 22030
(703) 246-9270  Office
(434) 660-4707  Direct
mwaugh@belkowitzlaw.com
*Counsel for Defendants*