IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LOUDOUN COUNTY SCHOOL BOARD, ) ) ) | |
| Plaintiff/Counter-Defendant, ) ) | |
| v. ) ) | Civil Action No. 1:24-cv-1058 (RDA/LRV) |
| D.V., *et al.*, ) ) | |
| Defendants/Counter-Claimants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff/Counter-Defendant Loudoun County School Board's Motion for Judgment on the Administrative Record (Dkt. 25) (the "School Motion") and Defendants/Counter-Claimants D.V. and S.V.'s[1] Motion for Judgment on the Administrative Record (Dkt. 28) (the "Parent Motion"). This matter has been fully briefed and is now ripe for disposition. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). Considering the Motions together with the Administrative Record (Dkts. 23, 23-1) (referred to as "A.R.") as well as the Memoranda in Support (Dkts. 26, 31), Oppositions (Dkts. 32, 33), Replies (Dkts. 33, 37), the Supplements to the Administrative Record (Dkt. 37, 38), and the parties' Supplemental Briefing (Dkts. 40, 41), this Court GRANTS the School Motion and DENIES the Parent Motion for the reasons that follow.

---

[1] Defendant/Counter-Claimants D.V. and S.V. are collectively referred to as the "Parents."

I. FACTUAL BACKGROUND

The following facts are derived from the administrative record and the uncontroverted allegations in the parties' pleadings.

The parties agree that at all times relevant to this action, A.V. ("Student") was a middle school student within Loudoun County Public Schools ("LCPS") and eligible to receive special education and related services under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* (the "IDEA"). Dkt. 26 at 2; Dkt. 31 at 2.

In January 2018, LCPS completed a speech-language evaluation of Student. Dkt. 13 ¶ 14; Dkt. 16 ¶ 14. On January 24, 2018, a Speech-Language Evaluation Report issued. A.R. 372-375. It appears that the Parents did not make a request for an independent educational evaluation ("IEE") at that time.

On December 6, 2019, LCPS completed a speech-language evaluation update. Dkt. 26 at 2; Dkt. 31 at 2 (specifically noting that the updated report was dated December 6, 2019); A.R. 347. The speech pathologist did not conduct any new assessments or evaluations of Student when completing the update. Dkt. 13 ¶ 14; Dkt. 16 ¶ 14. Again, it appears that the Parents did not request an IEE at that time. Dkt. 31 at 2 (no 2018 or 2019 request appears on the Parents' chronology). In December 2019, Student was determined eligible for special education based on his autism diagnosis. A.R. 345.

On December 9, 2021, the Parents began an evaluation by a private speech-language pathologist with Judy Smith. Dkt. 31 at 2; A.R. 254-258. On December 12, 2021, the Parents relayed concerns to LCPS requesting a speech-language evaluation, but not an IEE. Dkt. 31 at 2; A.R. 552. On December 13, 2021, the Student's Individualized Education Program ("IEP") team met to discuss, in part, Student's speech-language progress and skills. Dkt. 13 ¶ 15; Dkt. 16 ¶ 15.

The proposed IEP did not include speech-language support or an evaluation. A.R. 432. That same day, the Parents emailed LCPS indicating that they would like to request an IEE and seeking the provision of any necessary forms. A.R. 410. On December 14, 2021, the Parents submitted their request for an IEE at public expense. *See* Dkt. 13 ¶ 15; Dkt. 16 ¶ 15 (admitting that, the following day, "the Parents requested an IEE at public expense").

On December 16, 2021, the IEP meeting was convened and LCPS did not offer to conduct a speech-language evaluation. A.R. 432-433. That same day, LCPS denied the Parents' IEE request stating that it was untimely. A.R. 326 ("Your request for an IEE is not timely, as the evaluation is two years old and no longer considered a current evaluation. Please contact your child's school to request an IEP meeting to consider a request for LCPS to conduct a speech-language evaluation.").

On January 6, 2022, the Parents emailed LCPS to request "the necessary paperwork . . . to start the evaluation process." A.R. 576. On January 7, 2022, LCPS responded that: "I reviewed the prior written notice from your meetings on 12/13 and 12/16. They indicate that you requested speech services be continued, but LCPS rejected that proposal at [Student] has mastered his speech goals. There was no record of requesting a speech evaluation through LCPS, only that you requested an Independent Educational Evaluation." A.R. 575. LCPS further responded: "A speech evaluation was not requested by the IEP team, and LCPS does not have data to support that one is required." *Id.*

On January 23, 2022, the Parents, through counsel, requested reimbursement for a private speech-language evaluation for which the Parents paid. A.R. 327-328. The report was the product of the previously identified evaluation begun on December 9, 2021, and also conducted on December 23 and 30, 2021. A.R. 330-334. In their letter, the Parents asserted: "A school may not

3

simply deny the parent's request on timeliness grounds. Thus, the denial was improper, and LCPS is in noncompliance with the IDEA." A.R. 327-328. The following day, LCPS responded and affirmed its denial on timeliness grounds. A.R. 115-116. LCPS asserted that the IEP could "convene to review the information presented in the report." *Id.*

On January 28, 2022, the Virginia Department of Education (the "VDOE") issued a systemic Letter of Findings that LCPS was out of compliance with respect to IEEs. A.R. 33-76. That Letter of Findings does not pertain to LCPS's basis for denying an IEE here. *Id.* Rather, the Letter of Findings finds that LCPS inappropriately imposed funding limits for IEEs and inappropriately sought to impose requirements "related to the content, delivery and discussion of the IEE report." *Id.* In so doing, the VDOE stated that an IEE report must be subject to the same "criteria that the school division agency uses when it initiates an evaluation" and may not "impose conditions or timelines related to obtaining an IEE at public expense" that would not be imposed on a school evaluation. A.R. 41.

On February 1, 2022, the Parents' counsel sent a second letter to LCPS asserting that LCPS was relying on outdated guidance and noting the VDOE's reference to not being able to impose "conditions or timelines" on an IEE report. A.R. 337.

On February 3, 2022, LCPS responded, reiterating "your request for an IEE is untimely based on IDEA's two-year statute of limitations on a parents request for an IEE at public expense" and noting that the VDOE's decision "does not apply to the IDEA's two-year statute of limitations on IEE requests." A.R. 338.

On February 17, 2022, LCPS proposed to complete an updated evaluation of Student, which included an updated speech-language evaluation. A.R. 465. Despite agreeing to conduct the speech-language evaluation, LCPS continued to note that "[c]urrent data does not support the

4

need for a speech evaluation." *Id.* The private speech-language evaluation was discussed at the IEP meeting. A.R. 466. A speech-language evaluation was completed on March 31, 2022, and, on May 12, 2022, the Parents requested an IEE, which LCPS approved. *See* Dkt. 13 ¶ 18; Dkt. 16 ¶ 18. The Parents subsequently obtained a private-speech language evaluation, which results were discussed at the next IEP. *Id.*

On May 2, 2022, the Parents filed a state complaint against LCPS with the VDOE, alleging that LCPS improperly denied the Parents' December 2021 request for an IEE at public expense without first initiating a due process hearing. A.R. 17.

On May 12, 2022, an eligibility meeting was held, and the Parents again requested the following IEEs: psychological, educational, speech, auditory processing, and occupational therapy. A.R. 477. On May 20, 2022, LCPS granted the request with respect to a psychological evaluation, educational evaluation, speech-language evaluation, and occupational therapy evaluation. A.R. 478. LCPS denied the request for an auditory processing disorder evaluation. *Id.*

On June 30, 2022, the VDOE issued its Letter of Findings which determined that the two-year statute of limitations applied to the IEE request. A.R. 17-28. Thereafter, on August 28, 2022, the Complaint Appeal Reviewer upheld the VDOE's Letter of Findings. A.R. 29-32.

On February 1, 2024, more than two years after LCPS denied the Parents' request for an IEE at public expense, the Parents initiated a Due Process Hearing Request. *See* Dkt. 13 ¶ 20; Dkt. 16 ¶ 20; A.R. 1-16. The matter was assigned to Hearing Officer Richard M. Alvey (the "Hearing Officer") for adjudication. *See* Dkt. 13 ¶ 20; Dkt. 16 ¶ 20. The focus of the Due Process Hearing Request was the Parents' assertion that "LCPS unilaterally and unlawfully imposed a two-year statute of limitations period on parent request for an IEE." A.R. 7. LCPS asserted a statute of

5

limitations defense arguing that the Due Process Hearing Request was untimely as well as the IEE request, provided an explanation for its denial of the IEE, and moved to dismiss the Request. A.R. 274-288. LCPS then renewed its Motion to Dismiss on March 7, 2024. A.R. 351-356.

On March 15, 2024, the Hearing Officer issued his decision denying the motions to dismiss. A.R. 986-987 (the "MTD Decision"). The Hearing Officer denied the motion because he found that, when a Local Educational Authority ("LEA") receives a request for an IEE, it has only two options: (i) grant the IEE at public expense, or (ii) initiate a due process hearing to show a hearing officer that its evaluation is proper. *Id.* The Hearing Officer further found that, when LCPS denied the IEE and the Parents nonetheless obtained one, it became "a vested debt owed by the LEA to the Parents." *Id.* The Hearing Officer did not address the statute of limitations argument with respect to the Due Process Hearing Request.

Following the MTD Decision, the parties requested a status regarding the due process hearing scheduled for March 21-22, 2024, given that the MTD Decision appeared to have already adjudicated the substance of the issues to be addressed at the hearing. *See* Dkt. 13 ¶ 27; Dkt. 16 ¶ 27; A.R. 1059.[2] On March 19, 2024, the Hearing Officer emailed the parties that he was "prepared to issue [his] decision," without a hearing. A.R. 1074. On March 20, 2024, the Hearing Officer cancelled the due process hearing. A.R. 1081.

On March 24, 2024, the Hearing Officer issued a Decision (the "IEE Decision") in favor of the Parents. A.R. 988-991. In the IEE Decision, the Hearing Officer repeated the findings that he made in the IEE Decision. *Id.* The Hearing Officer again did not address LCPS's argument that the Due Process Hearing Request was itself untimely.

---

[2] In the interim, the parties stipulated that: (i) LCPS did not file a due process hearing request when it denied the December 2021 IEE request; (ii) LCPS did not reimburse the Parents for the cost of Judy Smith's evaluation; and (iii) the cost of the evaluation was $1,216. A.R. 1058.

## II. PROCEDURAL BACKGROUND

On June 17, 2024, LCPS filed its Complaint in this action. Dkt. 1. On September 3, 2024, the Parents filed their Answer and a counterclaim. Dkt. 12. On September 4, 2024, LCPS amended its complaint. Dkt. 13. On September 9, 2024, a Scheduling Order issued. Dkt. 15. On September 22, 2024, the Parents answered the Amended Complaint and asserted a counterclaim. Dkt. 16. On September 24, 2024, LCPS answered the counterclaim. Dkt. 17.

On November 1, 2024, the parties field the Administrative Record. Dkt. 23.

On January 10, 2025, LCPS filed the School Motion. Dkt. 25. On January 24, 2025, the Parents filed the Parent Motion and Opposition to the School Motion. Dkts. 31, 32. On February 6, 2025, LCPS filed its Reply. Dkt. 33.

On February 20, 2025, the parties filed a consent motion to allow additional evidence. Dkt. 34. The additional evidence sought to be admitted was related to the Parents' counterclaim and their request for an award of attorney fees and costs. Dkt. 35. On February 21, 2025, the Parents filed their Reply. Dkt. 37.

On February 27, 2025, the consent motion was granted. Dkt. 38.

On September 24, 2025, the Court issued an Order regarding the pending Motions and the fact that the Court had been required to address an influx of emergency motions that required decision on an urgent basis. Dkt. 39. The Court therefore offered the parties an opportunity to supplement their filings to make the Court aware of any new case law or issues that had arisen in the interim. *Id.*

On October 15, 2025, both parties filed their supplemental briefs. Dkts. 40, 41.

## III. LEGAL STANDARD

The parties agree that IDEA actions such as this are original actions typically decided on the administrative record arising from the administrative due process proceedings. *See* Dkt. 26 at 7; Dkt. 31 at 6; *Cnty. Sch. Bd. of Henrico Cnty. v. Z.P.*, 399 F.3d 298, 309 n.7 (4th Cir. 2005). The parties agree that this case is one that can be decided on the basis of the administrative record. *Id.*

Generally, in reviewing administrative decisions in IDEA cases, courts are required to make an independent decision based on a preponderance of the evidence, giving due weight to the state administrative findings. Dkt. 26 at 8; Dkt. 31 at 6; *Doyle v. Arlington Cnty. Sch. Bd.*, 953 F.2d 100, 102 (4th Cir. 1991); *Sumter Cnty. Sch. Dist. 17 v. Heffern ex rel. TH*, 642 F.3d 478, 484 (4th Cir. 2011). So long as the hearing officer's factual findings are regularly made, they are subject to a modified *de novo* review and are considered *prima facie* correct. *A.B. v. Lawson*, 354 F.3d 315, 325 (4th Cir. 2004); *Cnty. Sch. Bd. of Henrico Cnty.*, 399 F.3d at 300. A hearing officer's conclusions of law are not subject to the same deferential review. A court "draws its own legal conclusions de novo." *Alexis v. Bd. of Educ. for Baltimore Cty. Pub. Sch.*, 286 F. Supp. 2d 551, 556 (D. Md. 2003); *Fitzgerald v. Fairfax Cty. Sch. Bd.*, 566 F. Supp. 2d 543, 550 (E.D. Va. 2008) (holding that a "district court must make an independent, *de novo* determination of the IDEA's legal requirements").

In reviewing an IDEA case, the statute explicitly authorizes district courts to exercise their discretion and "grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B). Thus, "a district court does not simply affirm, reverse, or vacate the decision of the state administrative agency," but, instead, it "offers its own independent *de novo* review and conclusion." *Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380, 384 (4th Cir. 2000).

IV.  ANALYSIS

Here, the parties agree that the questions at issue in the case are based on questions of law, not questions of fact. Dkt. 31 at 1. Furthermore, the parties appear to agree that the key dispute is the application of a 2-year statute of limitations to certain IDEA claims. Accordingly, the Court will set forth the general statutory scheme and then address the parties' arguments.

### A.   IDEA Provisions Regarding Student Evaluations

To determine if a student is eligible for special education services, either a parent or LEA may request an evaluation. 34 C.F.R. § 300.301. If a student is found eligible, then that student must be reevaluated at least once every three years. *Id.* § 300.303(b)(2). If the parents disagree with the evaluations conducted by the LEA, they may request that an IEE be completed at public expense. *Id.* § 300.502(b)(1).[3] That is, a disputed public evaluation triggers the right to a publicly funded IEE and a parent would not have a right to an IEE "before the public agency completes its evaluation." 71 Fed. Reg. 46,689, 2006 WL 2332118 (Aug. 14, 2006); 64 Fed. Reg. 12,608, 1999 WL 128278 (Mar. 12, 1999) ("The right of a parent to obtain an IEE is triggered if the parent disagrees with a public initiated evaluation."). "A parent is entitled to only one independent educational evaluation at public expense each time the public agency conducts an evaluation with which the parent disagrees." 34 C.F.R. § 300.502(b)(5). A parent is not required to provide advance notice to the LEA that he or she is obtaining an IEE to be reimbursed. *See Hudson v. Wilson*, 828 F.2d 1059, 1065 (4th Cir. 1987) (rejecting LEA's argument that the parents must notify the school "*before* the parent obtains the private testing" as a "strained reading" of Section 300.503(b) (emphasis in original)). When an LEA receives a request for an IEE at public expense, the LEA must, without unnecessary delay, take one of two actions: (i) provide the IEE at public

---

[3] Virginia has parallel regulations. *See* 8 VAC 20-81-170(B)(2)(a).

expense; or (ii) file a due process hearing request.  34 C.F.R. § 300.502(b)(2); 8 VAC 20-81-170(B)(2)(b).

      B.  Whether the Due Process Hearing Request Was Timely

As an initial matter, this Court must address a legal question that went unresolved by the Hearing Officer.  In its motion to dismiss as the administrative level, LCPS raised two statute of limitations questions: (i) the timeliness of the due process hearing request itself; and (ii) the timeliness of the IEE request.  A.R. 274-288 (Motion); A.R. 351-356 (Renewed Motion).  The Hearing Officer addressed only the latter issue in both the MTD Decision and the IEE Decision and left the former unaddressed.[4]

The IDEA imposes a two-year statute of limitations on claims arising under the statute.  20 U.S.C. § 1415(b)(6)(B) (providing an opportunity for a party to present a complaint setting "forth an alleged violation that occurred not more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint"); 34 C.F.R. § 300.507(a)(2) ("The due process complaint must allege a violation that occurred not more than two years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the due process complaint . . . .").  The Parents acknowledge that the "IDEA's 2-year SOL period applies to the filing by a parent or school district of a request for due process."  Dkt. 32.  Thus, the primary dispute between the parties in this regard is when the statute of limitations began to run.  LCPS argues that the triggering date is December 16, 2021, when LCPS denied the IEE request, and thus the statute of limitations expired on December 16, 2023.  Dkt. 26 at 16.  The Parents argue each request by the Parents "for *either* an IEE or

---

[4] "The Parents agree that the Hearing Officer failed to address this fundamental issue in the case."  Dkt. 32 at 2.

reimbursement for the IEE was a new request based upon new facts, and each denial of those requests triggered its own 2-yr [sic] SOL." Dkt. 32 at 15 (emphasis added).

The Court finds that the latest possible triggering of the statute of limitations here is January 24, 2022, when LCPS: (i) rejects the Parents' request for an IEE at public expense for a second time; (ii) rejects the Parents' contention that LCPS must take any further action; (iii) refuses the Parents' request that LCPS reconsider its prior decision; and (iv) states that the only further action LCPS will take is to forward the evaluation to the IEP team. A.R. 115-116. Although there are good arguments that the statute of limitations was triggered upon the first denial on December 16, 2021, by January 24, 2022, LCPS had denied both the request for an IEE and the request for reimbursement for the private evaluation already conducted, and LCPS had rejected the Parents' arguments that their IEE request was timely. In short, by January 24, 2022, LCPS had made clear that it was not going to take any further action. Thus, by January 24, 2022, the parents "knew or should have known" everything that formed the basis of their due process complaint. 20 U.S.C. § 1415(b)(6)(B); 34 C.F.R. § 300.507(a)(2). Accordingly, the statute of limitations expired no later than January 24, 2024, and the Parents' February 1, 2024 request was untimely.

Although not directly on point, case law from the Fourth Circuit and from within this District on the application of the statute of limitations within the context of the IDEA is consistent with the Court's conclusion here. In *R.R. ex rel R. v. Fairfax County School Board*, 338 F.3d 325 (4th Cir. 2003), the Fourth Circuit noted that an "IDEA claim accrues 'when the parent knows of the injury or the event that is the basis for their claim." *Id*. at 332. More specifically, the injury in an IDEA case is "a disagreement over the educational choices that a school system has made for a student." *Id.* In *R.R.*, the Fourth Circuit addressed a different issue, but held that the claim there arose either when the parent rejected an IEP or when he withdrew his child from school, and,

11

applying either date, the claim was barred the statute of limitations. Applying *R.R.* to this case, the Parents' claim arose at the time of the "disagreement" – that is on December 16, 2021, when LCPS rejected their request – or, similar to the *R.R.* parent's withdrawal of his child from school, at the latest when LCPS reiterated its position and rejected the request for reimbursement on January 24, 2022.

Indeed, judges in this District have recognized that an IDEA action accrues "when the plaintiffs learn of the injury, 'whether or not they [know] the injury is actionable.'" *Richards v. Fairfax Cnty. Sch. Bd.*, 798 F. Supp. 338, 341 (E.D. Va. 1992), *aff'd*, 7 F.3d 225 (4th Cir. 1993).[5] Again, the *Richards* Court recognized that the "*injury* alleged in this case is the premature denial of special education benefits" which arose when "the FCPS informed Amanda's parents that she would no longer receive special education services." *Id.* at 341 (emphasis in original). The *Richards* Court rejected the plaintiff's argument that the claim accrued later, when the parents were informed by the Department of Education that the school had not complied with federal law. *Id.* In so holding, the *Richards* Court stated that, although the "parents may have for the first time definitively learned that their injury was redressable at law," they had "long since known of the injury itself." *Id.* Similarly, here, the Parents knew of the initial injury (that is the failure to provide an IEE) as of December 16, 2021, and, as of January 24, 2022, knew that LCPS would also not reimburse the Parents for the private evaluation and that it had no intention of seeking a due process hearing because it deemed that requirement inapplicable where the request for an IEE was untimely. This conclusion is further bolstered by the recent decision in this District of *C.D. v.*

---

[5] Although the case concerns the IDEA, former U.S. District Judge Richard L. Williams referred to the applicable statute as the EHA. *Id.* at 339 (discussing services to which the Plaintiff was entitled under the "Education for All Handicapped Children Act of 1975 as amended (renamed the Individuals with Disabilities Education Act but hereinafter referred to as the 'EHA')").

*Arlington County School Board*, 2025 WL 35022 (E.D. Va. Jan. 30, 2025), where U.S. District Judge Leonie M. Brinkema held that a parent's claims related to speech and language assessment were untimely, because the parent's "opportunity to complain about the 2018 eligibility evaluation decisions expired in 2020, and the hearing officer's conclusion that this issue was time-barred was correct." *Id.* at *7.

In seeking to avoid this result, the Parents argue that the statute of limitations does not begin to run until after LCPS had a reasonable amount of time to file for its own due process hearing. Dkt. 32 at 17. Perhaps in some other case that might be true, but here, by January 24, 2022, LCPS was clear and had twice indicated that it was not going to take any further action with respect to the Parents' request. A.R. 115-116.[6] The Parents' reliance on such period is inconsistent with decisions indicating that a claim accrues when the Parents know of the *injury* (here the denial of the IEE and denial of reimbursement). *See R.R.*, 338 F.3d at 332; *C.D.*, 2025 WL 35022, at *7; *Richards*, 798 F. Supp. at 341. Moreover, the Parents acknowledge that by February 3, 2022, when LCPS denied their request for a publicly funded IEE for the third time, the Parents did know that their claim had accrued. Dkt. 32 at 17. But the Parents never discuss the difference between the January 24, 2022 letter and the February 3, 2022 letter, except that based on one date their Due Process Hearing Request is timely and based on the other it is time-barred. Indeed, in substance, the February 3, 2022 letter does little more than incorporate and reiterate LCPS's prior position from the January 24, 2022 letter. *Compare* A.R. 115-116, *with* A.R. 338. Thus, the February 3, 2022 letter did nothing additional to provide notice to the Parents of the accrual of their claim, and the Parents had the same knowledge on January 24, 2022, that they had on February 3, 2022.

---

[6] The Parents cite a number of cases indicating that courts have found unreasonable delay to be as short as 3 months and reasonable delay to be as much as 7 weeks. *See* Dkt. 32 at 17-18 n.3 & n.4 (citing cases).

To the extent that the Parents argue that the VDOE's January 28, 2022 Letter of Findings constitutes an intervening event, this Court disagrees. The January 28, 2022 Letter of Findings did nothing to alter the Parents' knowledge of the alleged injury – that is the denial of the IEE and of reimbursement for their private evaluation. *See R.R.*, 338 F.3d at 332; *C.D.*, 2025 WL 35022, at *7; *Richards*, 798 F. Supp. at 341. Moreover, although the January 28, 2022 Letter of Findings related generally to LCPS's handling of IEE requests, it did not address this particular issue and thus had no impact on LCPS's position regarding the timeliness of the IEE request. A.R. 33-76. The inapplicability of the January 28, 2022 Letter of Findings here is confirmed by the fact that, when VDOE was asked to consider the specific issue raised by the Parents, the VDOE agreed with LCPS. A.R. 17-28. Even if the January 28, 2022 Letter of Findings did impact the Parents' knowledge of the accrual of their claim, that would only support an extension of the triggering date for the statute of limitations to January 28, 2022 – which would still render the February 1, 2024 due process request untimely. It is unclear to the Court why it would take until LCPS's third rejection of the Parents' request on February 3, 2022, for the Parents to understand that their claim had accrued. Thus, the Court is not persuaded that the January 28, 2022 Letter of Findings had any impact on the Parents' knowledge of when their claim had accrued, given that prior to its issuance LCPS had already twice rejected the Parents' claim.

The Parents' argument that *each* request for an IEE or for reimbursement triggered a new start of the statute of limitations would render the statute of limitations meaningless. Indeed, the Parents implicitly acknowledge the unworkability of their argument when they argue that their claim had accrued by February 3, 2022 (when LCPS rejected their request for a third time), rather than arguing that it accrued when the VDOE rejected their argument on June 30, 2022, or when the Appeal Reviewer upheld that decision on August 28, 2022. Dkt. 32 at 17 (asserting that the

"latest possible date the Parents knew of a violation of the IDEA . . . was February 3, 2022"). Moreover, to permit parents to continuously extend the statute of limitations by continually asking the LEA to reconsider what it has already considered would render the statute of limitations a nullity because parents could do so in perpetuity. The Court acknowledges that there is some difference between the December 16, 2021 rejection of the request for an IEE at public expense and the January 24, 2022 rejection of the request for reimbursement, but there is no difference between the January 24, 2022 rejection and any subsequent rejection by LCPS. Thus, there is no meaningful basis for this Court to tether the statute of limitations to any date after January 24, 2022, when LCPS was clear that it would not provide an IEE at public expense, would not provide reimbursement, and did not believe it was required to take any other action based on the alleged untimeliness of the Parents' request.

In short, the Hearing Officer erred when he failed to address whether the Parents' Due Process Hearing Request was timely. And, because the Due Process Hearing Request was untimely and is barred by the statute of limitations, LCPS is entitled to judgment on the administrative record based on the alleged errors identified in Counts I and III of the Amended Complaint.[7] Moreover, because this Court finds that the Parents' Due Process Hearing Request was untimely, the Parents are not entitled to judgment on the administrative record.

---

[7] Each count of the Amended Complaint essentially seeks the same relief and are stated in the alternative. In short, each Count is effectively an assignment of error and success on any one of those errors by LCPS supports a grant of summary judgment in its favor. In Counts I and III of the Amended Complaint, LCPS raises the statute of limitations with respect to the Due Process Hearing Request. Dkt. 13 at 9 (alleging "legal error in not applying [the] IDEA's statute of limitations to Parents' untimely request filed due process hearing request"); *id.* at 11 (alleging "procedural error in failing to address each issue presented"). Because the Parents' Due Process Hearing Request is barred by the statute of limitations, that is dispositive of the claims between the parties, and the Court need not address the other issues raised. *See* Dkt. 13 at 10 (Count II alleging "procedural error in failing to hold a due process hearing"); *id.* at 11 (Count IV alleging "legal error in not applying [the] IDEA's statute of limitations to Parents' untimely private

15

## VII. CONCLUSION

In short, the Parents failed to timely file a Due Process Hearing Request within the two-year statute of limitations. The Hearing Officer erred when he failed to address LCPS's statute-of-limitations argument, failed to find that the statute of limitations barred the Parents' request, and ruled in favor of the Parents on the merits of their request.

Accordingly, it is hereby ORDERED that the School Motion (Dkt. 25) is GRANTED and the Court FINDS that the Parents' Due Process Request was barred by the two-year statute of limitations such that the Hearing Officer erred in reaching the merits of their request; and it is

FURTHER ORDERED that the Parent Motion (Dkt. 28) is DENIED.

IT IS SO ORDERED.

Alexandria, Virginia
January 13, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

educational evaluation request"). Accordingly, the Court will grant the School Motion but need not address all of the arguments made by LCPS in support of it motion. Similarly, because the Court finds that the Due Process Hearing Request was untimely, the Parents are not the prevailing party and thus are not entitled to an award of attorneys' fees and costs. *See* 20 U.S.C. § 1415(i)(3)(B) (limiting the award of attorneys' fees and costs to one who to a "prevailing party"). Essentially, both the IEE request and the Due Process Hearing Request must be timely for the Parents to succeed here; because the Due Process Hearing Request was untimely, the Court need not reach the secondary argument regarding the timeliness of the IEE request.

Although the Court does not reach the secondary statute of limitations argument with respect to whether a two-year statute of limitations applies to the request for an IEE, the Court notes that the only decision within this Circuit to address the argument reached the same result advocated by LCPS and was affirmed by the Fourth Circuit. *See Bouabid v. Charlotte-Mecklenburg Sch. Bd. of Educ.*, 2021 WL 5868967 (W.D.N.C. Dec. 10, 2021), *aff'd*, 62 F.4th 851 (4th Cir. 2023). In *Bouabid*, the district judge held that: "While there is no controlling authority cited by the Parties, or found by this Court, there is persuasive authority that when an IEE request falls outside the statute of limitations a school district is not required to fund the requested IEE or to file for due process to defend the appropriateness of its assessment." *Id.* at *11.